IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIMMY DOYLE BUMGARDNER, JR.
ADC # 103669                                                                                    PLAINTIFF

V.                                              5:08CV00107 WRW/JFF

SHARON CARTER, Mailroom Supervisor, Maximum
Security Unit, Arkansas Department of Correction; and
LARRY MAY, Deputy Director, Arkansas Department of Correction          DEFENDANTS

# PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Chief Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff filed this action, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was deprived of the Arkansas Democrat-Gazette newspapers from November 20, 2007 through December 10, 2007, the time he was in punitive isolation at the Tucker Maximum Security Unit of the Arkansas Department of Correction. The Defendants are the mailroom supervisor of the unit and a deputy director of the Arkansas Department of Correction. Because the law is clear that such a policy does not impermissibly burden a prisoner's First Amendment rights, the Court recommends that Plaintiff's cause of action be dismissed because it fails to state a claim.

**II. Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a

governmental entity, officer, or employee.  28 U.S.C.  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C.  § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless of whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

### III.  Evaluation of Plaintiffs' Claims

Plaintiff states that he was held in punitive isolation from November 20, 2007 until December 10, 2007, for unspecified disciplinary issues.  During that time he did not receive the daily newspaper, to which his family has subscribed on his behalf for delivery to him at the Unit. Arkansas Department of Correction policy provides that when an inmate is serving a punitive sentence and his mail privileges have been suspended, as Plaintiff's were in the instant case, the prohibited items, such as the daily newspapers, "will be held by the mailroom until the inmate is released from punitive or until he gives disposition instructions to the mailroom supervisor.  Only

the seven most current newspapers will be delivered. All others shall be sent to a third party at inmate's own expense, donated to the state, or destroyed."

Plaintiff states that he received the newspapers dated from December 4, 2007, through December 11, 2007, as per the policy, but he challenges the denial of the previous fourteen newspapers. He states that he does not know what became of those missing newspapers, and he seeks damages in the amount of $100 for each issue.

As a preliminary matter, there is no constitutional violation in the prison policy that withholds a prisoner's mail (except for religious, personal or legal mail) while the prisoner is confined to disciplinary detention. *Gregory v. Auger*, 768 F. 2d 287, 289 (8th Cir. 1985). These sorts of policies are justified because they discourage improper behavior and promote security within the prison. *Little v. Norris*, 787 F. 2d 1241 (8th Cir. 1986). The courts have further held that the deprivation of accumulated mail (such as newspapers) serves as an important deterrent. *See Daigre v. Maggio*, 719 F. 2d 1310, 1313 (5th Cir. 1983)(cited in *Gregory, supra*)("If the court were to hold that delivery of all mail to an inmate serving consecutive short detentions in disciplinary detention must resume after the inmate has been in disciplinary detention for, let us say sixty days, or that every sixty days the inmate must receive the mail accumulated during the preceding sixty days, then an inmate might find prolonged disciplinary detention status desirable and actively seek it, and the important governmental interest of maintaining discipline would be undermined.")

That leaves only the issue of the loss of the missing fourteen newspapers, which is, at best, a conversion of personal property, or a state law tort issue. Under *Parratt v. Taylor*, 451 U.S. 527 (1986) and its progeny, Plaintiff cannot assert a § 1983 claim based on the unauthorized confiscation of his property because he has an adequate post-deprivation remedy. *Reese v. Kennedy*, 865 F.2d

186, 187 (8th Cir.1989)(state tort remedies preclude § 1983 claim for deprivation of property). A prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property so long as the state provides some sort of remedy, such as filing a claim before the Arkansas Claims Commission. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)(holding that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post-deprivation remedy").[1]

Plaintiff does not contend that he was unable to file a claim before the Arkansas Claims Commission or a tort action in state court regarding the loss of these missing newspapers. Accordingly, the Court recommends that this claim be dismissed with prejudice.

### III. Conclusion

For all these reasons,

IT IS, THEREFORE, RECOMMENDED that this action be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that dismissal of this action count as a "strike" for

---

[1] *See also Williams v. Campbell*, Case No. 00-3699, 2001 WL 1549545 (8th Cir. Dec. 6, 2001)(unpublished opinion); *Carniglia v. Dearmon*, Case No 01-1852, 2001 WL 878347 (8th Cir. August. 6, 2001)(unpublished opinion); *Butler v. Smith*, 2000 WL 268505, 2000 WL 268505 (8th Cir. Mar.13, 2000)(holding that Arkansas prisoners failed to state viable due process claims regarding the seizure of their personal property because they had adequate state law remedies such as filing a conversion action or a claim before the Arkansas Claims Commission, pursuant to Ark.Code Ann. § 19-10-204(a)).

purposes of 28 U.S.C. § 1915(g).[2]

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 1st day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." The Eighth Circuit has held that, if a plaintiff fails to exhaust available administrative remedies before initiating an action in federal court, the complaint fails to state a claim upon which relief may be granted. *Porter v. Fox*, 99 F.3d 271 (8th Cir. 1996); *Sharps v. United States Forest Serv.*, 28 F.3d 815 (8th Cir. 1994).