IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIMMY DOYLE BUMGARDNER, JR.
ADC # 103669                                                                                          PLAINTIFF

V.                                         5:08CV00107 WRW/JFF

SHARON CARTER, Mailroom Supervisor, Maximum
Security Unit, Arkansas Department of Correction; and
LARRY MAY, Deputy Director, Arkansas Department of Correction       DEFENDANTS

**ORDER**

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge John F. Forster.  No objections have been filed.  After careful consideration, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

IT IS THEREFORE ORDERED that:

1) This action is DISMISSED WITH PREJUDICE;

2) Dismissal of this action shall count as a "strike" for purposes of 28 U.S.C. § 1915(g)[1];  and

3) The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 20th day of May, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."  The Eighth Circuit has held that, if a plaintiff fails to exhaust available administrative remedies before initiating an action in federal court, the complaint fails to state a claim upon which relief may be granted. *Porter v. Fox*, 99 F.3d 271 (8th Cir. 1996); *Sharps v. United States Forest Serv.*, 28 F.3d 815 (8th Cir. 1994).